IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CR-00144-RJC-SCR

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NILES M. BELK (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se to alter his restitution payments while in custody. (Doc. No. 200).

Apparently, the defendant is enrolled in the Inmate Financial Responsibility Program ("IFRP"). Participation in the IFRP is voluntary, and an inmate becomes eligible for certain benefits by involvement in the program. 28 C.F.R. § 545.11 et seq. A team at a prison facility considers an inmate's financial information, monitors the amount of money in his trust account, and determines the required monthly payment for participation in the program.

Here, the Court ordered that payment of the defendant's criminal monetary penalties were due immediately and recommended participation in the IFRP. (Doc. No. 79: Judgment at 2, 5). Any balance outstanding at the time he begins his supervision is to be paid in installments of $50 per month to commence 60 days after release from imprisonment. (Id. at 5). In his letter, the defendant requests that the monthly payment be reduced while incarcerated because of the hardship it places on his family to make payments for him. However, the program does not require outside sources to contribute to the IFRP. 28 C.F.R. § 545.11(b). The defendant has the choice of whether to remain in the program, or can challenge its execution through administrative remedies.

**IT IS, THEREFORE, ORDERED**, that the defendant's request to alter restitution payments through the IFRP, (Doc. No. 200), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 26, 2024

*[signature]*

Robert J. Conrad, Jr.
United States District Judge